Eastern District of Kentucky
**F I L E D**
JUL 0 9 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 18-65-HRW

VANESSA GILLISPIE,                                               PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,      DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on April 30, 2015, alleging disability beginning on February 26, 2015, due to "non diagnosed neurological disorder, atypical macular degeneration, tachycardia, osteoporosis, degenerative disc, bulging discs [and] facet arthropathy" (Tr. 194). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Boyce Crocker (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Gina Baldwin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 57 years old at the alleged date of onset of disability. She has a high school education. Her past relevant work experience consists of work as a family resource coordinator / school social worker for the Pike County Board of Education.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from macular degeneration and dysfunction of a major joint (left shoulder), which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. In doing so, the ALJ specifically considered Listings 1.02 and 2.00

2

At Step 4, the ALJ found that Plaintiff could perform her past relevant work as a family resource coordinator / school social worker. He further determined that she has the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 404.1567(b) with certain additional restrictions (Tr. 16). Specifically, Plaintiff could: lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; perform postural activities occasionally; climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; and avoid even moderate exposure to unprotected heights and moving mechanical parts. (Tr. 16).

The ALJ considered the testimony of a vocational expert that although Plaintiff had actually performed her past job at the medium exertional level, it is generally performed at the light exertional level for most employers (Tr. 48). The VE testified that with this RFC, Plaintiff could perform her past relevant work as a family resource coordinator/school social worker as the job is generally performed in the national economy (Tr. 19).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 4.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner*

3

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff argues that the ALJ erred in finding Plaintiff to be disabled at Step 4. Specifically, she contends that his finding is improper because the ALJ concluded she is limited to light work but also concluded that she could her return to her past work, which, as actually performed by Plaintiff, would be classified as medium level work.

It is the claimant's burden at Step 4 of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). The Act requires that a claimant show that his impairments are so severe that she is "unable to do [her] previous work." 42 U.S.C. § 423(d)(2)(A). To support a finding that a claimant can perform her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed **or** as ordinarily required by employers throughout the national economy. To proceed past step four, plaintiff "must prove an inability to return to [her] former **type** of work and not just to [her] former job". *Studway v. Secretary of Health and Human Services,* 815 F.2d 1074, 1076 (internal quotations omitted) (emphasis in

4

original). *See also, Clendening v. Commissioner of Social Security*, 482 Fed. Appx. 93, 96 (6th Cir. 2012) ("[t]he relevant inquiry is whether he could still perform that type of work and not necessarily the specific job that he had in the past").

Here, the ALJ presented a hypothetical to the vocational expert, which matched Plaintiff's vocational profile (Tr. 48). When asked whether such an individual could perform Plaintiff's past work as a family resource coordinator, the expert testified she could do the work as generally performed in the national economy (as opposed to how she actually performed it at the medium exertional level) (Tr. 48). The ALJ reasonably relied on this testimony in his finding of no disability. 20 C.F.R. § 404.1560(b)(2).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 9th day of July, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

5